

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Honorable J. H. O'Neall
County Attorney
Swisher County
Tulia, Texas

Dear Mr. O'Neall:

Opinion No. O-6002
Re: Does County Commissioner of
Swisher County have to file item-
ized verified account each month
in order to be allowed traveling
expenses under Art. 2350(7), V.C.S.

We have received your recent communication in which you submit
the above question, together with the additional queries as to whether
such traveling expenses are allowable now for past months, during which
no itemized verified accounts were filed, and whether or not the Commis-
sioners' Court may legally pass a general order allowing the flat sum of
Twenty-five ($25.00) Dollars to each commissioner each monty for such
traveling expenses.

As Swisher County has a population of 6,528, according to the
1940 Federal Census, the provisions of Article 2350(7), V.A.C.S., are
applicable. Said Article reads as follows: "In aid of counties of
this State having a population of less than twenty-five thousand two
hundred (25,200), according to the last preceding Federal Census, the
Commissioners' Court of such counties is hereby authorized to allow
the commissioners the sum of not more than Twenty-five ($25.00) Dollars
per month for traveling expenses while on official business in said
counties."

We believe the above article contemplates only such traveling
expenses as are necessarily and actually expended by such commission-
er while he is on official business in said county. (See our Opinions
Nos. O-5598 and O-5615, copies of same herewith enclosed).

Such Article does not expressly prescribe any formal requisites
of a claim for such traveling expenses, but we belive it contemplates
the filing of an itemized account as in other claims in order that the
Commissioners' Court may properly audit and determine the validity
thereof.

Article 2350(6) V.A.C.S., which specifically provides for a sworn monthly account for certain traveling expenses of a county commissioner, does not apply to Swisher County and it cannot be used to control the application of Art. 2350(7), supra, in any respect.

As said Art. 2350(7) V.A.C.S. ( Senate Bill 319, Chapter 362, Acts of the 48th Leg., 1943), became effective as a law ninety full days after May 11, 1943, date of adjournment, we see no reason why such actual traveling expenses, incurred since the effective date of said Article and uncollected should not now be allowable.

Said Art. 2350(7) does not authorize the Commissioners' Court to pass a general order allowing the flat sum of Twenty-five Dollars to each commissioner each month for traveling expenses. Such sum is already available to each commissioner by virtue of the law provided he actually incurs such amount as contemplated by statute. He cannot be compensated for more than such amount incurred in any one month but may incur less, and the actual amount incurred is the criterion which the Court must go by in issuing its order for compensation. (See Opinion No. O-5633, a copy of which is enclosed herewith.)

Trusting the above fully answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Robert L. Lattimore, Jr.

Robert L. Lattimore, Jr.
Assistant

RLL:rt:egw

APPROVED JUNE 27, 1944
/s/ Geo. P. Blackburn
(Acting)
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman